# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BILLY RAY RILEY,

    Petitioner,

vs.

E.K. McDANIEL, *et al.*,

    Respondents.

3:01-cv-0096-RCJ-VPC

**ORDER**

    In this capital habeas corpus case, the court denied Billy Ray Riley's second amended habeas petition (docket #73) on September 20, 2010 (docket #198), and judgment was entered the same day (docket #199). The court granted Riley a certificate of appealability on seven of Riley's claims, and denied the certificate with respect to all other issues. *See* Order entered September 20, 2010 (docket #198), pp. 86-87.

    On October 18, 2010, Riley filed a motion for reconsideration (docket #201). The respondents filed an opposition to that motion on November 30, 2010 (docket #204). Riley filed a reply on December 20, 2010 (docket #205).

    Riley makes his motion for reconsideration under Federal Rule of Civil Procedure 59(e). There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly

discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir.2003); *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000). Riley asserts that the court committed clear error in not granting him relief on his claims of ineffective assistance of counsel, or, alternatively, in not granting him a certificate of appealability with respect to all of those claims. The court will deny the motion for reconsideration.

Several of the claims resolved in the September 20, 2010 order were claims that Riley's trial counsel were ineffective; this includes Grounds 1A, 1B, 1C, 1F, 1K, 1L, 1M, 1N, 1O, 1P, 1Q, 1S(1), 1S(2), 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 of Riley's second amended petition. The court denied relief with respect to each of those claims. *See* Order entered September 20, 2010. In his motion for reconsideration, Riley discusses his claims that his counsel were ineffective for not conducting an adequate investigation for the guilt phase of his trial and for the penalty phase of the trial, Grounds 1A and 1F, respectively. Beyond that, however, Riley's motion refers only generically to his other claims of ineffective assistance of counsel. This approach is far too general, with respect to the ineffective assistance of counsel claims other than Grounds 1A and 1F, because each such claim is subject to a different analysis. In his blanket, and very general, treatment of so many separate claims, Riley does not show that the denial of his habeas petition should be reconsidered.

In his motion, Riley focuses on testimony of one of his trial attorneys, given in the context of an evidentiary hearing on Ground 1P, but which testimony Riley appears to contend bears on all of his claims of ineffective assistance of his trial counsel. Riley argues:

> The Court's Order failed to address trial counsel's explicit admission of ineffectiveness during the May 11, 2010 evidentiary hearing. This Court must not ignore compelling evidence that trial counsel violated Mr. Riley's Sixth Amendment right to effective assistance; rather, it should award Mr. Riley the relief that such a violation merits.

Motion for Reconsideration (docket #201), p. 2, lines 12-15. The testimony Riley refers to is the following testimony of Stephen Dahl, one of his trial attorneys, on cross-examination by respondents' counsel at the evidentiary hearing:

1  Q. Did you throw Mr. Riley's case?

2  A. No.

3  Q. Did you do the best you could?

4  A. No.

5  THE COURT: Did you understand question?

6  THE WITNESS: I understood the question.

7  No, I did not do the best I could, and that gets into the case list of other things you may not want to get into today, Judge. But I didn't do
8  the best I could.

9  Transcript of Evidentiary Hearing (docket #200), p. 100, line 23 - p. 101, line 6.

10  Riley does not mention – but the court recognizes – that, just prior to the testimony relied upon

11  by Riley, Dahl testified to the contrary:

12  Q. Okay. And that's exactly what you did in Mr. Riley's case, is it not? You did the best you could.

13  
14  A. We did the best we could.

15  *Id.* at p. 99, line 25 - p. 100, line 2.

16  On re-direct, Dahl explained his statement that he did not do his best:

17  Q. Judge Dahl, when you say you didn't do the best you could, could you explain what you meant by that.

18  
19  A. I could have done a lot better if I didn't have seven other death penalty cases, 14 other murder cases, murder team appeals and investigations to do.

20  
21  Mr. Riley didn't get my very best effort. He got the best I could give under the circumstances. Under other circumstances, I probably could have done a better job, but I didn't have the ability to do that.
22  

23  *Id.* at p. 102, lines 3-11.

24  Plainly, Dahl's testimony, that he did not do the best he could, was commentary on the conditions

25  under which he was working at the time, especially his caseload. Dahl made no admission that he erred

26  in any particular manner in his representation of Riley. Nor did Dahl's testimony have any bearing on

1 the question whether Riley was prejudiced by anything that his counsel did or did not
2 do.

3     Dahl's testimony did not relate directly to the issue before this court in Riley's ineffective
4 assistance of counsel claims: whether counsel's representation "fell below an objective standard of
5 reasonableness." *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The question raised by
6 the claims of ineffective assistance of counsel is not whether Riley's counsel did his best; the question
7 is whether counsel's representation was objectively reasonable.

8     Moreover, most of Riley's claims of ineffective assistance of counsel, including Ground 1A,
9 failed because Riley did not show that his defense was prejudiced by the acts of counsel of which he
10 complains. The argument in Riley's motion for reconsideration fails to recognize that aspect of the
11 court's analysis, and has little impact upon it.

12     Riley's motion, beyond his argument concerning the testimony of Dahl, is merely a reiteration
13 of arguments made previously by Riley, and considered by the court in its September 20, 2010 order.
14 Riley has not shown that the court erred.

15     Finally, Riley makes no showing that he should receive a certificate of appealability on any claim
16 other than Grounds 1A, 1B, 1C, 8, 11, 13, and 25 of the second amended petition.

17     The court will therefore deny Riley's motion for reconsideration.

18     In reviewing its September 20, 2010 order (docket #198), however, the court has identified
19 clerical errors in that order, and, pursuant to Federal Rule of Civil Procedure 60(a), the court will direct
20 that those clerical errors be corrected. The clerical errors to be corrected are the following:

21     - At page 11, in the second to last paragraph of the section entitled "Standard of Review of the Merits of Riley's Claims," the words "de novo" were omitted
22     before the word "review." Those words shall be inserted.

23     - At page 11, in the first paragraph of the "Analysis - Ground 1" section, the number "1" was omitted, following the word "Ground" in the second to last
24     sentence of that paragraph. That number shall be inserted.

25     - The formatting of the order included several glitches, and those shall be corrected.
26

1  These corrections involve no substantive change to the order entered September 20, 2010, and they are
2  intended to have no effect on the judgment entered that same day.
3      **IT IS THEREFORE ORDERED** that petitioner's Motion for Reconsideration (docket #201)
4  is **DENIED**.
5      **IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 60(a), the
6  following clerical corrections shall be made to the order entered September 20, 2010 (docket #198):
7    -  At page 11, in the second to the last paragraph of the section entitled "Standard of Review of the Merits of Riley's Claims," the words "de novo" were omitted
8      before the word "review." Those words shall be inserted.
9    -  At page 11, in the first paragraph of the "Analysis - Ground 1" section, the number "1" was omitted, following the word "Ground" in the second to the last
10     sentence of that paragraph. That number shall be inserted.
11   -  The formatting of the order shall be corrected.
12 A corrected image of the order shall be filed in place of the image of the defective order now on file.
13
14
15 Dated this 4th day of February, 2011.
16
17                                      UNITED STATES DISTRICT JUDGE