**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BILLY RAY RILEY, | |
|     Petitioner, | 3:01-cv-0096-RCJ-VPC |
| vs. | |
| RENEE BAKER, *et al.*, | **ORDER** |
|     Respondents. | |

In this capital habeas corpus action, this court denied Billy Ray Riley's second amended habeas petition on September 20, 2010, and judgment was entered (ECF Nos. 198, 199), and, then, on February 4, 2011, the court denied Riley's motion for reconsideration (ECF No. 206). Riley appealed, and on May 15, 2015, the Ninth Circuit Court of Appeals reversed, and remanded the case to this court, with instructions for this court to grant Riley habeas corpus relief with respect to his murder conviction. *See Riley v. McDaniel*, 786 F.3d 719 (2015). The court of appeals denied rehearing and rehearing en banc on June 29, 2015 (ECF No. 224). The United States Supreme Court denied certiorari on March 21, 2016. *See Baker v. Riley*, 136 S.Ct. 1450 (2016). The court of appeals issued its mandate on April 26, 2016 (ECF No. 229). On May 10, 2016, this court ordered the court of appeals' mandate spread upon the record (ECF No. 231).

The court of appeals' order, reversing the judgment of this court and remanding the case with instructions to enter a new judgment granting Riley a writ of habeas corpus, states:

> The judgment of the district court is reversed. This case is remanded with instructions to grant the writ unless the State of Nevada elects to pursue a new trial within a reasonable amount of time.

*Riley*, 786 F.3d at 727. The mandate of the court of appeals has been spread upon the record in this case, but the court has not yet entered a judgment pursuant to the court of appeals' instructions.

On May 16, 2016, respondents filed a "Motion for Rule 60(B) Relief from Judgment" (ECF No. 232). In that motion, respondents "move, pursuant to FRCP 60(b), for relief from this Court's judgment and/or order entered on May 10, 2016." *See* Motion for Rule 60(b) Relief (ECF No. 232), p. 1.

There is not now a final judgment in the case. The court of appeals reversed the judgment entered on September 20, 2010, and remanded for this court to issue Riley a writ of habeas corpus. This court has not yet entered a new judgment issuing the writ. So, to the extent respondents seek relief from a judgment pursuant to Rule 60(b), their motion is premature. Furthermore, in the order entered by this court on May 10, 2016, the court simply ordered the court of appeals' mandate spread upon the record. *See* Order entered May 10, 2016 (ECF No. 231). To the extent respondents seek relief from the May 10 order, their motion is without merit; respondents point to no alleged error in the order spreading the court of appeals' mandate on the record. The court will, therefore, deny respondents' motion.

The court will set a schedule for counsel to meet and confer regarding the form of a proposed order granting Riley habeas corpus relief pursuant to the order of the court of appeals, and for Riley to then file a proposed order, and for respondents to respond, and Riley to reply, if necessary.

**IT IS THEREFORE ORDERED** that respondents' Motion for Rule 60(B) Relief from Judgment (ECF No. 232) is **DENIED**.

**IT IS FURTHER ORDERED** that, within 20 days from the entry of this order, counsel for the petitioner and counsel for the respondents shall meet and confer regarding the terms of a proposed order granting the petitioner habeas corpus relief pursuant to the order of the court of appeals.

///

///

2

1  **IT IS FURTHER ORDERED** that, after counsel meet and confer, and within 30 days from the entry of this order, petitioner shall file a proposed order granting him habeas corpus relief pursuant to the order of the court of appeals.

**IT IS FURTHER ORDERED** that, after petitioner files the proposed order, respondents may, if necessary, file a response within ten days, and then, if necessary, petitioner may file a reply within seven days.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court shall substitute Renee Baker for E.K. McDaniel, on the docket, as the respondent warden, and shall substitute Adam Paul Laxalt for Frankie Sue Del Papa, on the docket, as the respondent Attorney General of the State of Nevada, and shall update the caption of the action to reflect those changes.

Dated this 25th day of May, 2016.

_____
UNITED STATES DISTRICT JUDGE